UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CATALINA L., | ) | NO. ED CV 18-1620-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, DEPUTY COMMISSIONER FOR OPERATIONS, SOCIAL SECURITY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

Plaintiff filed a complaint on August 2, 2018, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge on August 28, 2018. Plaintiff filed a motion for summary judgment on March 8, 2019. Defendant filed a motion for summary judgment on April 1, 2019. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed August 7, 2018.

///

///

**BACKGROUND**

Plaintiff alleges disability since January 1, 2014, based primarily on alleged orthopedic problems (Administration Record ("A.R.") 54, 66, 197, 204). An Administrative Law Judge ("ALJ") examined the record and heard testimony from Plaintiff and a vocational expert (A.R. 17-734).

The ALJ found Plaintiff has certain severe impairments, including "torn meniscus of the left knee, degenerative disc disease of the lumbar spine [and] degenerative joint disease of the shoulders" (A.R. 22). However, the ALJ also found Plaintiff retains the residual functional capacity ("RFC") to perform a narrowed range of light work, including the capacity to stand or walk for six hours out of an eight hour workday, provided she has the option of sitting for five minutes after standing for one hour (A.R. 25).[1] Relying on the testimony of the vocational expert, the ALJ determined that a person having this RFC could perform certain jobs existing in significant numbers in the national economy (A.R. 31-32, 57-59). The Appeals Council denied review (A.R. 1-4).

Plaintiff now argues: (1) substantial evidence fails to support the ALJ's findings with respect to Plaintiff's capacity for standing and walking; and (2) the ALJ discounted Plaintiff's statements concerning her subjective symptomatology without stating legally

---

[1] A full range of light work requires six hours of standing or walking in an eight hour day. Social Security Ruling ("SSR") 83-10.

2

sufficient reasons for doing so.

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).
///
///

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[2] legal error. Plaintiff's contrary arguments are unavailing.

**I. Substantial Evidence Supports the ALJ's Challenged RFC Assessment.**

Substantial evidence supports the ALJ's findings regarding Plaintiff's capacity to stand and walk. Consultative examiner Vicente R. Bernabe, D.O., reported Plaintiff exhibited a normal gait without the use of an assistive device, full range of motion in the shoulders and knees and normal motor strength in the upper and lower extremities (A.R. 353-56). The same examiner opined, based on his examination of Plaintiff, that Plaintiff could stand and walk for six hours out of an eight hour workday (A.R. 356). This opinion constitutes substantial evidence to support the ALJ's challenged RFC findings. See Orn v. Astrue, 495 F.3d 625, 631-32 (9th Cir. 2007) (examining physician's opinion based on independent clinical findings constitutes substantial evidence to support a non-disability determination); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (same).

///

---

[2] The harmless error rule applies to the review of administrative decisions regarding disability. See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

Non-examining state agency physicians also opined that Plaintiff retains a standing and walking capacity equal to or greater than the capacity the ALJ found to exist (A.R. 75, 88, 103, 118). Where, as here, the opinions of non-examining physicians do not contradict "all other evidence in the record," the opinions may furnish substantial evidence to support the administrative decision. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citation omitted); see also Tonapetyan v. Halter, 242 F.3d at 1149 (opinion of non-examining medical expert "may constitute substantial evidence when it is consistent with other independent evidence in the record") (citation omitted).

To the extent the evidence of record is conflicting, the ALJ properly resolved the conflicts. See Treichler v. Commissioner, 775 F.3d 1090, 1098 (9th Cir. 2014) (court "leaves it to the ALJ" to resolve conflicts and ambiguities in the record); Andrews v. Shalala, 53 F.3d at 1039-40 (court must uphold the administrative decision when the evidence "is susceptible to more than one rational interpretation").

The vocational expert testified that a person having the stated RFC could perform light jobs existing in significant numbers (A.R. 57-59). The ALJ properly relied on this testimony in denying disability benefits. See Barker v. Secretary, 882 F.2d 1474, 1478-80 (9th Cir. 1989); Martinez v. Heckler, 807 F.2d 771, 774-75 (9th Cir. 1986).
///
///
//

**II. The ALJ Stated Legally Sufficient Reasons for Discounting Plaintiff's Subjective Symptomatology.**

An ALJ's assessment of a claimant's statements regarding subjective symptomatology is entitled to "great weight." Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). Where the ALJ finds that the claimant's medically determinable impairments reasonably could be expected to cause some degree of the alleged symptoms of which the claimant subjectively complains, any discounting of the claimant's complaints must be supported by specific, cogent findings. See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of malingering).[3] An ALJ's findings regarding a claimant's testimony "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the

---

[3] In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Leon v. Berryhill, 880 F.3d 1041, 1046 (9th Cir. 2017); Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015); Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014); Treichler v. Commissioner, 775 F.3d at 1102; Ghanim v. Colvin, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014); Garrison v. Colvin, 759 F.3d 995, 1014-15 & n.18 (9th Cir. 2014); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases). In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

claimant's testimony." Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (internal citations and quotations omitted); see SSR 96-7p (explaining how to assess a claimant's credibility), superseded, SSR 16-3p (eff. March 28, 2016).[4] As discussed below, the ALJ stated sufficient reasons for deeming Plaintiff's subjective complaints less than fully credible.

As the ALJ pointed out, there exists evidence Plaintiff was still working as of June of 2014, more than five months after she now claims she became disabled (A.R. 27, 29, 340). And yet, Plaintiff denied under oath having done any work after 2013 (A.R. 48-49). This inconsistency, and the evidence Plaintiff worked long after her alleged disability onset date, properly impugn Plaintiff's assertion that her symptoms have been of disabling severity. See Bray v. Commissioner, 554 F.3d 1219, 1227 (9th Cir. 2009) (upholding ALJ's credibility determination where the claimant had worked as a personal caregiver and also had sought out other employment); Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistencies between claimant's testimony and conduct among the "clear and convincing reasons" for discounting claimant's testimony); Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies between claimant's testimony and conduct cited as a "clear and convincing" reason for rejecting the claimant's testimony).

---

[4] The appropriate analysis under the superseding SSR is substantially the same as the analysis under the superseded SSR. See R.P. v. Colvin, 2016 WL 7042259, at *9 n.7 (E.D. Cal. Dec. 5, 2016) (stating that SSR 16-3p "implemented a change in diction rather than substance") (citations omitted); see also Trevizo v. Berryhill, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (suggesting that SSR 16-3p "makes clear what our precedent already required").

The ALJ also observed that Plaintiff declined surgery for her torn meniscus and received only relatively conservative treatment for her various alleged impairments (A.R. 26-27, 539, 721, 726). Observations regarding the relatively conservative nature of a claimant's treatment properly may factor into the evaluation of a claimant's subjective complaints. See Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008); Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008); Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir. 2001); see also Coelho v. Astrue, 2011 WL 3501734, at *5 (N.D. Cal. Aug. 10, 2011), aff'd, 525 Fed. App'x 637 (9th Cir. 2013) (claimant's inadequately explained declination of recommended surgical treatment may, under some circumstances, undermine the claimant's subjective complaints of allegedly disabling pain).

         The ALJ also referenced evidence that Plaintiff has engaged in significant daily activities, including washing dishes, cooking, doing laundry, grocery shopping, light housework, using public transportation, going to church and caring for a baby (A.R. 29-30, 251-55, 273, 276). Such activities properly may suggest that Plaintiff's functional limitations are not as profound as Plaintiff alleges. See Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (inconsistency between claimed incapacity and admitted activities properly can impugn a claimant's credibility); Burch v. Barnhart, 400 F.3d 676, 680-812 (9th Cir. 2005) (daily activities can constitute "clear and convincing reasons" for discounting a claimant's testimony); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (claimant's testimony regarding daily domestic activities undermined

the credibility of her pain-related testimony); Morgan v. Commissioner, 169 F.3d 595, 600 (9th Cir. 1999) (evidence of claimant's ability to "fix meals, do laundry, work in the yard and occasionally care for his friend's child serve as evidence of [the claimant's] ability to work").

The ALJ also stressed that the objective medical evidence supported a discounting of Plaintiff's claims of disabling symptomatology (A.R. 26-30). While a lack of objective medical evidence to corroborate the claimed severity of alleged symptomatology cannot form the "sole" basis for discounting a claimant's subjective complaints, the objective medical evidence is still a relevant factor. See Burch v. Barnhart, 400 F.3d at 680; Rollins v. Massanari, 261 F.3d at 857; see also Carmickle v. Commissioner, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony"); SSR 16–3p ("[O]bjective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms, including the effects those symptoms may have on the ability to perform work-related activities . . .").

To the extent one or more of the ALJ's stated reasons for discounting Plaintiff's subjective statements may have been invalid, the Court nevertheless would uphold the ALJ's determination under the circumstances presented. See Carmickle v. Commissioner, 533 F.3d at 1162-63 (despite the invalidity of one or more of an ALJ's stated reasons, a court properly may uphold the ALJ's determination where sufficient valid reasons have been stated). In the present case, the

1 | ALJ stated sufficient valid reasons to allow this Court to conclude
2 | that the ALJ discounted Plaintiff's subjective statements on
3 | permissible grounds.  See Moisa v. Barnhart, 367 F.3d at 885.  The
4 | Court therefore defers to the ALJ's determination.  See Lasich v.
5 | Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to
6 | Administration's credibility determination when the proper process is
7 | used and proper reasons for the decision are provided); accord Flaten
8 | v. Secretary of Health & Human Services, 44 F.3d 1453, 1464 (9th Cir.
9 | 1995).[5]
10 | ///
11 | ///
12 | ///
13 | ///
14 | ///
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///

---

[5] The Court need not and does not determine herein whether Plaintiff's subjective complaints are credible.  Some evidence suggests that those complaints may be credible.  However, it is for the Administration, and not this Court, to evaluate the credibility of witnesses.  See Magallanes v. Bowen, 881 F.2d 747, 750, 755-56 (9th Cir. 1989).

**CONCLUSION**

For all of the foregoing reasons,[6] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 12, 2019.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[6] The Court has considered and rejected each of Plaintiff's arguments. Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration. See generally McLeod v. Astrue, 640 F.3d 881, 887-88 (9th Cir. 2011) (discussing the standards applicable to evaluating prejudice).